Cheshire,
No. 5583.

### Kenneth A. Bourassa

*v.*

### Keene & a.

Argued May 2, 1967.
Decided October 6, 1967.

*Arthur Olson, Jr.* and *Lewis A. McMahon* (*Mr. McMahon* orally), for the plaintiff.

*Howard B. Lane* (by brief and orally), for the intervenors, Theodore J. Jette and Alice G. Jette.

*Eric J. Kromphold, Jr.,* city solicitor, for the city of Keene, filed no brief.

KENISON, C. J. The question raised in this case is whether a party can appeal the decision of a board of adjustment to the Superior Court without first applying for a rehearing before the board. RSA 31:74 in pertinent part reads as follows: "MOTION FOR REHEARING. Within twenty days after any order or decision of the board of adjustment . . . any party to the action or proceedings, or any person directly affected thereby, may apply for a rehearing in respect to any matter determined in the action or proceeding, or covered or included in the order, specifying in the motion for rehearing the ground therefor, and the board of adjustment . . . may grant such rehearing if in its opinion good reason therefor is stated in said motion."

If RSA 31:74 stood alone it could be argued that the application for a rehearing was optional and permissive. But it does not. The succeeding section (RSA 31:75) provides in part that "No appeal from any order or decision of the board of adjustment . . . shall be taken unless the appellant shall have made application for rehearing as herein provided . . . ." Furthermore the statute allowing an appeal is definitely tied in with the motion for rehearing. "31:77 APPEAL FROM DECISION ON MOTION FOR REHEARING. Within thirty days after the application for a rehearing is denied, or, if the application is granted, then within thirty days after the decision on such rehearing, the applicant may appeal by petition to the superior court." The statutory scheme for zoning contemplates that the parties shall exhaust their administrative remedies prior to the court appeal. Annot. 136 A.L.R. 1378. See *Bois* v. *Manchester,* 104 N. H. 5; 2 Yokley, Zoning Law and Practice, *s.* 13-10 (3d *ed.* 1965). While there is no decision in this state that holds that the failure to apply

for a rehearing prevents a valid appeal, that is the clear import of *HIK Corporation* v. *Manchester,* 103 N. H. 378, 381.

It is contended that in this case a motion for rehearing would have been useless. Generally such motions do not result in change at the administrative level but that is not always so. *Griauzde* v. *Nashua,* 103 N. H. 468. In any event the statutory scheme for zoning in this state is geared to the proposition that the board of adjustment shall have a first opportunity to correct any action it has taken, if correction is necessary, before an appeal to the court is filed. *Carrick* v. *Langtry,* 99 N. H. 251.

The plaintiff urges that the appeal was taken without a motion for rehearing with the full knowledge of the city solicitor and therefore the city of Keene should be estopped to deny the plaintiff's appeal on the merits. Assuming, without deciding, that the city could be estopped for that reason, that would not be binding on the intervenors so as to preclude their right to obtain relief from the board of adjustment. *Pascale* v. *Board of Zoning Appeals,* 150 Conn. 113.

*Appeal dismissed.*

All concurred.