Grafton,
No. 6165.

TOWN OF BETHLEHEM

*v.*

MILDRED ROBIE AND BERNARD ROBIE.

June 1, 1971.

*Dodge, Moulton and Smith ( Mr. Peter W. Smith* orally ) for the plaintiff.

*Mussman and Shepatin ( Mr. David B. Shepatin* orally ) for the defendants.

PER CURIAM. The town of Bethlehem by this bill in equity seeks to restrain the defendants from placing a mobile home on their lot on Agassiz Street in Bethlehem after being denied a permit by the zoning board of adjustment. Mobil homes are not specifically prohibited by the ordinance but the board denied the permit under section 1 which prohibits in District 1 the erection, construction, reconstruction, alteration, repair or use of any building " of a design, materials or for a purpose or use inconsistent with, detrimental or injurious to, buildings and purposes or uses of the same, upon adjoining lands. " Defendants contend that this provision is void because of vagueness and because it includes no valid standards to guide the selectmen or board of adjustment.

In June of 1969 defendants sought a building permit from the selectmen to place a mobile home on the lot in question which

they had just purchased. The permit was denied but a hearing was arranged before the zoning board of adjustment which, after hearing, by a tie vote of 2 to 2 denied the permit. When defendants gave indications that they intended to move the mobile home onto the property, this petition was filed and a temporary injunction was issued. After hearing, a permanent injunction was decreed restraining defendants from erecting a mobile home on their property and defendants' exceptions were transferred by *Johnson*, J.

The Bethlehem zoning ordinance divides the town into two districts. District 1, in which the land in question is located, comprises the center or compact part of the town and is defined as the area within the limits of the Bethlehem Village District which is about two square miles. The village district supplies water and sewer, among other services. The rest of the town comprises District 2, and there was testimony that this was between 60 and 70 square miles in area.

The trial court found that other mobile homes are located in District 1, some as a result of approval of permits by prior boards of selectmen, some without any approval, and one with the zoning board of adjustment's approval. It was also found that the board of adjustment's finding that a mobile home would be "detrimental" was "reasonable, just and lawful." The trial court rejected the contention that "adjoining lands" as used in section 1 of the ordinance applied only to land directly adjacent to the project and in effect ruled that they meant "neighborhood."

Section 1, upon which the validity of the denial of the permit and the issuance of the injunction must rest, reads as follows: "No buildings or parts thereof, of any description shall be erected, constructed, reconstructed, altered, repaired, or used, upon land fronting on Main Street, less than two stories in height, or within sixty (60) feet of the center of said street; and fronting on any other street in said District within fifty (50) feet of the center thereof; nor of a design, materials or for a purpose or use inconsistent with, detrimental or injurious to, buildings and purposes or uses of the same, upon adjoining lands."

It is our opinion that this section is not void for vagueness. The standard of what is "detrimental or injurious" to adjoining property furnishes a sufficient criterion for the guidance of the selectmen and the board of adjustment. Similar standards have been upheld here. *Rockingham Hotel Co.* v. *North Hampton*, 101 N.H. 441, 146 A.2d 253 (1958); *State* v. *Dean*, 109 N.H.

245, 248 A.2d 707 ( 1968 ); *Deering* v. *Tibbetts,* 105 N.H. 481, 202 A.2d 232 ( 1964 ); *see Plainfield* v. *Hood,* 108 N.H. 502, at .506, 240 A.2d 60 ( 1968 ). There was evidence before the trial court that a mobile home on a lot would diminish the value of adjoining property and hence be detrimental, and the trial court was correct in finding that the action of the town officials was not unreasonable, unjust or unlawful. We also agree with the trial court that the zoning ordinance was designed to protect neighborhoods and land values, and the granting or denial of a permit is not dependent upon the consent or objection of present owners of adjoining property. The decree of the trial court was proper.

*Exception overruled; remanded.*