Hillsborough, ss.
No. 6204

GERARD BIRON

*v.*

TOWN OF NEW IPSWICH

November 2, 1971.

*Nicholas Pantelas* for the plaintiff, filed no brief.

*Charles J. Lincoln* for the defendant, filed no brief.

PER CURIAM. The plaintiff, a resident of Nashua, brings this bill in equity seeking an order which would require the selectmen of New Ipswich to issue him a permit to place a mobile home upon premises owned by him in New Ipswich. Certain disputed issues were heard by the Court ( *Loughlin*, J. ) following the filing by the parties of an agreed statement of facts. The court found that denial of the permit would be based " solely on the fact that he

[the plaintiff] is a non-resident of the Town of New Ipswich ", and followed a policy of the selectmen antedating adoption of a town ordinance with respect to mobile homes, "that non-residents could not install trailers or trailer parks within the Town." The question of "whether . . . the policy of the board of selectmen . . . is constitutional" was reserved and transferred to this court without ruling.

· We do not reach the constitutional issue, since we consider that the selectmen have been given no authority either by statute or ordinance to deny the permit upon the ground stated. On March 12, 1969, the annual town meeting adopted the following ordinance: "As of the date of passage of this Article it shall be deemed illegal to place or position a trailer, mobile home or other wheeled vehicle, any of which is planned or designed to be a dwelling place, within the boundaries of the Town of New Ipswich without the written consent of the majority of the Board of Selectmen of said Town. Requests to place or position such, must be made to the Board of Selectmen and must include a plan showing the planned position of dwelling, well, and sewerage disposal facilities."

· The plaintiff's application was filed on October 24, 1969, and on October 28, 1969, he was notified that his request was denied. The court found that the denial was made "regardless of what the [plaintiff] did concerning compliance with the Water Pollution Board or any other sanitary requirements. . . ."

Since the only standard suggested by the ordinance is the requirement that applications for a permit must be accompanied by " a plan showing the planned position of dwelling, well, and sewerage disposal facilities ", the authority assumed by the selectmen to deny the permit upon the ground of the applicant's nonresidence finds no sanction in the ordinance, express or implied. The ordinance makes no reference to the previous policy of the selectmen with respect to nonresidents which cannot be considered to have been given the force of law. See DeRochemont v. Holden, 99 N.H. 80, 83, 105 A.2d 43, 45-46 ( 1954 ). It is agreed that New Ipswich has no zoning ordinance, and no other source of the authority assumed by the selectmen has been suggested. We therefore hold that if the permit was denied solely upon the ground of nonresidence of the applicant, as the trial court found that it "would be ", such action was invalid and of no effect. Fernald v. Bassett, 107 N.H. 282, 220 A.2d 739 ( 1966 ); see Mason v.

*Salem,* 103 N.H. 166, 168, 167 A.2d 433, 435 ( 1961 ). The order is

*Remanded.*

All concurred.