Sullivan
No. 94-703

WILLIAM AND LOIS STEVENS

v.

TOWN OF GOSHEN

July 19, 1996

*Michael C. Shklar*, of Newport, by brief and orally, for the plaintiffs.

*Gardner & Fulton*, of Lebanon (*Laurence F. Gardner* on the brief and orally), for the defendant.

*H. Bernard Waugh, Jr.*, of Concord, by brief for the New Hampshire Municipal Association, as *amicus curiae*.

JOHNSON, J. The defendant, Town of Goshen (town), voted to discontinue a road abutting property of the plaintiffs, William and Lois Stevens. The Superior Court (*Morrill*, J.) denied the plaintiffs' petition for damages, see RSA 231:49 (1993), and the plaintiffs appealed. We affirm in part, reverse in part, and remand.

The plaintiffs own property on Brickyard Road in Goshen. In 1974, William Stevens petitioned the town board of selectmen, of which he was a member, to lay out a portion of the road as a Class V highway, including the segment abutting his property. At the time, this portion was discontinued subject to gates and bars. *See* RSA 229:5, VII (Supp. 1995); RSA 231:45 (1993). After a public hearing, the board of selectmen voted "to open the road." During the ensuing two decades, the town maintained much of Brickyard Road, but not the segment abutting the plaintiffs' property.

In 1987, the plaintiffs petitioned the town planning board for a subdivision of their property. The board granted the request after receiving legal advice that the entire road was a Class V highway. The planning board's regulations prohibit subdivisions on Class VI highways.

In 1991, William Stevens asked the board of selectmen, of which he was still a member, to vote to maintain the segment of Brickyard Road which included a portion of the road abutting his property. Two selectmen — Stevens and another — voted to approve the request, stating that the road was a Class V highway. (We note that no issue involving whether a conflict of interest existed is before this court, and we express no opinion thereon.) The third dissented, contending that the road was, in fact, a Class VI highway.

At a special town meeting in October 1992, the town voted to discontinue part of Brickyard Road pursuant to RSA 231:43 (1993) (amended 1995) and RSA 231:45, including the segment abutting the plaintiffs' property.

The plaintiffs filed this petition for damages in December 1992. They argued that Brickyard Road had been a Class V highway at the time of the 1992 town meeting vote and that the vote significantly decreased the value of their land. The town disagreed, arguing that the segment abutting the plaintiffs' property had already lapsed into Class VI status due to lack of maintenance prior to the town meeting. *See* RSA 229:5, VII. The town did stipulate, however, that a change from Class V to Class VI status would decrease the value of the plaintiffs' property by $10,000.

The superior court ruled in the town's favor. It agreed with the town that the segment of the road at issue had lapsed into Class VI status prior to the 1992 town meeting, and ruled that the town's vote was "redundant and irrelevant." The plaintiffs appealed.

Resolution of the issue presented requires an examination of the statutes relating to classification and discontinuance of highways. "This court . . . is the final arbiter of the legislature's intent as expressed in the words of the statute considered as a whole." *Pope v. Town of Hinsdale*, 137 N.H. 233, 237, 624 A.2d 1360, 1362 (1993). In determining intent, we "draw inferences concerning [a statute's] meaning from its composition and structure. This court ascribes to statutory words and phrases their usual and common meaning, unless the statute itself suggests otherwise." *Glick v. Town of Ossipee*, 130 N.H. 643, 645–46, 547 A.2d 231, 233 (1988) (quotation and citation omitted). The parties have stipulated to all relevant facts. We therefore review the superior court's order only for errors of law.

■ The plaintiffs assert that RSA 231:49 entitles them to an assessment of damages against the town. The statute reads, in pertinent part: "Any person who sustains damages by the discontinuance of a highway, or by the discontinuance as an open highway and made subject to gates and bars, by vote of the town . . . may petition for the assessment of damages to the superior court . . . ." RSA 231:49. The 1992 town meeting voted to "discontinue . . . as a Class VI road (pursuant to RSA 231:43 and RSA 231:45)" the segment of Brickyard Road abutting the plaintiffs' property. Thus, the town meeting voted to discontinue a highway. Under RSA 231:49, the plaintiffs are entitled to an assessment of any damages sustained because of the vote.

■■ To determine whether the vote damaged the plaintiffs, we ascertain the status of the road before the vote and then determine whether the vote altered this status in any meaningful way. First, we must decide whether the segment of the road at issue was a Class VI highway before the town meeting vote. As noted above, during the eighteen years between the lay out of the road as a Class V highway and the 1992 town meeting, the town performed no maintenance on the segment of the road abutting the plaintiffs' property. RSA 231:45-a, II (1993) states:

> No vote or other action of the governing body shall be effective to reclassify a class IV or V highway as a class VI highway, except for the failure to maintain and repair that highway in suitable condition for travel thereon for 5 or more successive years as provided by RSA 229:5, VII.

RSA 229:5, VII provides that Class VI highways include "all highways which have not been maintained and repaired by the town in suitable condition for travel thereon for 5 successive years or

more." *See Catalano v. Town of Windham*, 133 N.H. 504, 511, 578 A.2d 858, 862–63 (1990). Under the plain language of these statutes, the segment of Brickyard Road at issue became a Class VI highway in 1979, well before the 1992 town meeting vote. *See Glick*, 130 N.H. at 646–47, 547 A.2d at 233.

■ The plaintiffs nonetheless contend that the town should be estopped from asserting that this segment was a Class VI highway before the 1992 town meeting vote. They cite, for example, the planning board's regulations prohibiting subdivision on Class VI highways and the board's 1987 decision granting their subdivision request. We reject this assertion of municipal estoppel. At the very least, the plaintiffs fail to prove one of the doctrine's basic elements, detrimental reliance. *Healey v. Town of New Durham*, 140 N.H. 232, 239–40, 665 A.2d 360, 367 (1995). They have not asserted that the town's representations concerning the status of the road prejudiced them in any way. *Cf. Turco v. Town of Barnstead*, 136 N.H. 256, 263, 615 A.2d 1237, 1240 (1992) (plaintiffs spent approximately $67,000 in reliance on representation); *Aranosian Oil Co. v. City of Portsmouth*, 136 N.H. 57, 60, 612 A.2d 357, 359 (1992) (plaintiff spent $45,000 in reliance on representation).

Next, we determine that the town meeting vote established the segment of the road at issue as a discontinued road subject to gates and bars. RSA 229:5, VII; RSA 231:45. Although the vote referred to both RSA 231:43 (absolute discontinuance) and RSA 231:45 (discontinuance subject to gates and bars), both parties assume that the town meeting meant only to discontinue the road subject to gates and bars. We agree with this interpretation of the town's vote. A discontinuance subject to gates and bars can be viewed as a particular form of discontinuance. Thus, inclusion of RSA 231:43 in the warrant may be explained as an overabundance of caution on the part of the drafters. The reference to discontinuance subject to gates and bars, however, can only be construed as the town's intention to discontinue the road subject to gates and bars.

A discontinued road subject to gates and bars is a Class VI highway. RSA 229:5, VII. Thus, the segment of the road at issue was a Class VI highway both before and after the town meeting vote. The question remains whether the vote nevertheless changed the status of the road in any meaningful way, entitling the plaintiffs to damages under RSA 231:49.

The plaintiffs argue that, regardless of the answer to this question, the town is bound by its stipulation regarding damages. The stipulation, however, states only that a change in the road's status from Class V to Class VI would decrease the value of the

plaintiffs' property by $10,000. It does not address the question presented here and therefore is irrelevant.

We hold that the town meeting vote changed the segment of the road at issue from one type of Class VI highway to another and that this change could entitle the plaintiffs to damages. Undoubtedly, these two types of highways are treated identically in many respects. For example, both are "public ways," RSA 229:5, VII, and as such they are "full public highways that the public has the right to pass over." *Glick*, 130 N.H. at 646, 547 A.2d at 233; *see also King v. Town of Lyme*, 126 N.H. 279, 283, 490 A.2d 1369, 1372 (1985). Moreover, municipalities have no duty of care with respect to maintenance or repair of any kind of Class VI highway, *see* RSA 229:5, VI, VII (1993); RSA 231:93 (1993); *Glick*, 130 N.H. at 646, 547 A.2d at 233, and the town's planning board regulations do not allow subdivision on Class VI highways, regardless of type.

■ Nonetheless, there are differences between the two types of Class VI highways that could affect the value of an abutting landowner's property. First, highways that become Class VI due to lack of maintenance are not subject to gates and bars. *Compare* RSA 231:45-a, II *with* RSA 231:45. Gates and bars could prove a significant inconvenience to a landowner who must open and close several of them before arriving at his or her property. *Cf. Bryant v. Tamworth*, 68 N.H. 483, 483, 39 A. 431, 431 (1896) (plaintiff petitioned for removal of gates and bars, alleging that they had become "unnecessary and inexpedient"). We remand to the superior court to determine the effect of this factor on the value of the plaintiff's property.

■ Second, the plaintiffs' rights under the town's zoning ordinances could be affected by the change in the status of the road. RSA 231:45 states that a highway discontinued subject to gates and bars "shall not have the status of a publicly approved street." No similar language describes a highway that lapses into Class VI status due to lack of maintenance. We have interpreted this language to mean "that a highway discontinued subject to gates and bars is not a publicly approved street for purposes of zoning." *King*, 126 N.H. at 283, 490 A.2d at 1371 (emphasis omitted). For example, in *Metzger v. Brentwood*, 115 N.H. 287, 292, 343 A.2d 24, 27–28 (1975), a zoning ordinance prohibited issuance of a building permit unless the applicant's property fronted on a "public right of way." We upheld the zoning board of adjustment's determination that a road closed subject to gates and bars was not a "public right of way" because, under the statute, such a road is not a publicly approved street. *Id.* Here, if a similar ordinance governs the plaintiffs' use of

their property, the value of the property may suffer. Again, we remand to the superior court for a determination of this issue.

We note that in a motion for rehearing and/or reconsideration, *see* SUP. CT. R. 22, the town argues that there is no need for a remand on the latter ground because the record in this case establishes that the plaintiffs are entitled to a building permit under RSA 674:41. In addition, the town implies that State law might now supersede a zoning ordinance that distinguishes what use can be made of land abutting the two types of Class VI highways discussed above. We express no opinion as to these arguments, which may be addressed to the superior court upon remand.

Arguments not addressed in this opinion have been considered and deemed meritless. *Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

*Affirmed in part; reversed in part; remanded.*

All concurred.