Hillsborough-northern judicial district
Nos. 95-589
 2000-114

BIANCO, P.A. & a.

v.

THE HOME INSURANCE COMPANY

December 5, 2001

*Wiggin & Nourie, P.A.*, of Manchester (*Gordon A. Rehnborg, Jr.* and *Doreen F. Connor* on the brief, and *Mr. Rehnborg* orally), for the plaintiffs.

*Nelson, Kinder, Mosseau & Saturley, P.C.*, of Manchester (*William C. Saturley* and *Catherine A. Blanchard* on the brief), and *Cetrulo & Capone, LLP*, of Boston, Massachusetts (*David A. Grossbaum* on the brief, and *Maura K. McKelvey* orally) for the defendant.

NADEAU, J. Plaintiffs James Bianco and Eric Falkenham appeal from a Superior Court (*Conboy*, J.) order interpreting RSA 491:22-b (1997) as providing discretion to reduce an award of costs and attorney's fees. In addition, the defendant, the Home Insurance Company, objects to a judicial referee's recommendation for the award of supreme court costs and attorney's fees. We affirm the trial court's finding that the fees were not severable and that other charges, for overhead and the filing of a motion, were not reimbursable. We reverse the trial court's decision to reduce the fees by thirty percent. We adopt the recommendation of the judicial referee awarding fees and costs.

The relevant facts follow. Bianco, P.A., James Bianco, Michael Farley and Eric Falkenham were sued in 1994 for legal malpractice. At the time, the plaintiffs were insured under a professional liability policy by the defendant. The defendant denied coverage to all four plaintiffs and the plaintiffs subsequently filed a petition for declaratory judgment in the superior court. The superior court ruled that the defendant was obligated to defend and extend coverage to all four plaintiffs for the underlying malpractice claim. The defendant appealed and this court eventually determined that only James Bianco and Eric Falkenham were entitled to coverage.

The plaintiffs filed a motion for court costs and reasonable attorney's fees in the superior court, pursuant to RSA 491:22-b. By order dated January 19, 2000, the superior court found that the costs incurred on behalf of the two successful plaintiffs were not severable from the costs incurred on behalf of the two unsuccessful plaintiffs. Therefore, after determining appropriate court costs and reasonable attorney's fees, the trial court reduced the award by thirty percent, awarding $33,235.04, plus reasonable fees related to the filing of that motion.

A motion for court costs and attorney's fees for supreme court proceedings was filed in this court as well. We referred the petition to a

judicial referee, who determined that the unsuccessful claims were not severable from the successful claims. He recommended that the prevailing plaintiffs be awarded costs and fees in the amount of $23,222.50, together with reasonable attorney's fees and costs related to the filing of that motion. The award represents the entire sum requested, minus certain fees and costs deemed not recoverable. Both parties object to the judicial referee's findings and recommendation.

We first address the trial court's allocation of costs and attorney's fees. RSA 491:22-b provides: "In any action to determine coverage of an insurance policy pursuant to RSA 491:22, if the insured prevails in such action, he shall receive court costs and reasonable attorney's fees from the insurer." The trial court determined that an inability to allocate costs and fees between prevailing plaintiffs and non-prevailing plaintiffs did not mean that the prevailing plaintiffs were entitled to full reimbursement of costs and fees. Rather, the trial court considered factors taken from *Couture v. Mammoth Groceries, Inc.*, 117 N.H. 294, 296 (1977), to determine the reasonable percentage allocation of costs and fees between the prevailing and non-prevailing plaintiffs.

> Relevant factors in the determination of reasonable fees include the amount involved, the nature, novelty, and difficulty of the litigation, the attorney's standing and the skill employed, the time devoted, the customary fees in the area, the extent to which the attorney prevailed, and the benefit thereby bestowed on his client.

*Couture*, 117 N.H. at 296. After considering these factors, specifically the extent to which the plaintiffs' attorneys prevailed and the benefit they bestowed on the plaintiffs, the trial court determined that a thirty percent reduction in court costs and attorney's fees was appropriate.

■ When reviewing an award of attorney's fees mandated by statute, the usual standard of review is the abuse of discretion standard. *See White v. Francoeur*, 138 N.H. 307, 310 (1994). The reversal of a discretionary decision under this standard, however, is not a reflection upon the conduct of the trial judge, but rather is an appellate determination that the record fails to disclose an objective basis for a sustainable exercise of discretion.

■ ■ "This court . . . is the final arbiter of the legislature's intent as expressed in the words of the statute considered as a whole." *Pope v. Town of Hinsdale*, 137 N.H. 233, 237 (1993). "In determining intent, we draw inferences concerning a statute's meaning from its composition and

structure. This court ascribes to statutory words and phrases their usual and common meaning, unless the statute itself suggests otherwise." *Stevens v. Town of Goshen*, 141 N.H. 219, 221 (1996) (quotation omitted). The statutory language employed in RSA 491:22-b provides that court costs and reasonable attorney's fees shall be paid. Once it is determined that the insured has prevailed, RSA 491:22-b provides discretion to determine solely whether the requested attorney's fees are reasonable. However, where the trial court determines fees are nonseverable between prevailing and non-prevailing plaintiffs, it is axiomatic that those fees cannot then be segregated. Therefore, we hold that where fees are reasonable, but incapable of being severed, RSA 491:22-b requires that the prevailing plaintiffs be awarded all court costs and reasonable attorney's fees. There is no indication here that the trial court reduced or eliminated specific fees based upon their reasonableness. Rather, it seems the court generally reduced the fees, across the board, as a matter of perceived equity. As well meaning as this effort may have been, it was not warranted by the facts or required by the statute.

· The defendant argues that the plaintiffs' billing arrangement made the fees nonseverable. The plaintiffs retained one law firm to represent all four plaintiffs' interests, without an agreement that each plaintiff pay a specific percentage of the fees incurred. If the plaintiffs had arrived at a fee splitting agreement, it is argued, allocating attorney's fees to the prevailing plaintiffs would have been a simple matter. The defendant argues that awarding all of the requested attorney's fees when one attorney represents both prevailing and non-prevailing plaintiffs creates circumstances ripe for inappropriate fee shifting.

 The trial court's order does not indicate that the thirty percent adjustment reflected any concern with an "unorthodox" billing practice. While a fee sharing agreement among the plaintiffs might have simplified the subsequent allocation of fees and costs, its absence is not dispositive. Given that the legal issues facing both prevailing and non-prevailing plaintiffs were the same, had the plaintiffs each retained separate counsel the defendant would have been confronted with several bills, more likely than not cumulatively larger than the single bill presently at issue. Therefore, there is no evidence that the retention of one firm to represent both prevailing and non-prevailing plaintiffs increased the defendant's liability under RSA 491:22-b. In this case, we strike a balance between the *possibility* of shifting fees when individual counsel represents several clients and the *probability* of increasing fees when several counsel represent individual clients separately.

The defendant further argues that the trial court's reduction of thirty percent was appropriate because the record indicates considerable time was spent attempting to establish coverage for the non-prevailing plaintiffs. There are also certain telephone calls and correspondences between the plaintiffs' attorney and plaintiff Farley that the defendant maintains justify the thirty percent reduction in fees and costs. We disagree. Nothing in the trial court's order indicates that the court made the thirty percent adjustment to compensate for the aforementioned expenditures. The trial court determined that overhead costs and fees concerning an unsuccessful motion to escrow funds were not recoverable. If any adjustment to the costs and fees awarded, reflecting specific and identifiable expenditures such as attempting to establish coverage for the non-prevailing plaintiffs or telephone calls with non-prevailing plaintiffs was warranted, it should have been made in a similar way.

We have considered the defendant's remaining arguments concerning superior court costs and attorney's fees, and find them to be without merit, warranting no further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322 (1993). Therefore, we reverse the decision of the trial court and remand for entry of an award of costs and fees consistent with this opinion.

■■ Next, we address the judicial referee's allocation of court costs and attorney's fees. The defendant contends that the judicial referee erred in granting fees and costs associated with the appellate action without first reducing that award by fifty percent to reflect that two of the four plaintiffs did not prevail. We disagree. RSA 490:8 (1997) provides, "Questions of fact pending before the court may be heard and determined by one or more justices, or by a master or referee as the court may order." The standard of judicial review for findings of fact made by a judicial referee is whether a reasonable person could reach the same conclusion based upon the evidence presented. *Cf. Drucker's Case*, 133 N.H. 326, 329 (1990). The referee found that acknowledgement by both parties that unsuccessful claims were not severable from successful claims prevented the reduction of fees and costs by fifty percent. The referee's findings that the fees of the prevailing plaintiffs and the non-prevailing plaintiffs were nonseverable is echoed by the trial court in the accompanying matter and reasonable in light of the evidence presented. In addition, as we noted above, where the trial court determines that fees are nonseverable, it is error to attempt to segregate those fees. Therefore, the judicial referee's reasonable determination that the fees in question were nonseverable correctly precluded the parsing of those fees.

The defendant's remaining arguments are similar to arguments made concerning the superior court action and have been addressed above.

Therefore, we adopt the judicial referee's recommendation to award court costs and reasonable attorney's fees in the amount of $23,222.50. We also adopt the judicial referee's recommendation that overhead expenses in the amount of $859.46 are not recoverable.

Finally, the plaintiff requests reasonable attorney's fees and court costs for this appeal pursuant to RSA 491:22-b. We order the plaintiff to file within thirty days an affidavit detailing the costs and attorney's fees sought. The defendant shall have thirty days thereafter to respond.

*Affirmed in part; reversed in part; and remanded.*

DALIANIS, J., concurred; GROFF and ARNOLD, JJ., superior court justices, specially assigned under RSA 490:3, concurred.