Chapmen v. Antham Health Plans          CV-03-480-PB  04/08/05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Paul Chapman</u>

    v.                                    Civil No. 03-cv-480-PB
_____Opinion No. 2005 DNH 062
<u>Anthem Health Plans of</u>
<u>New Hampshire, Inc., et al.</u>



<u>MEMORANDUM AND ORDER</u>

Paul Chapman brings this suit against Anthem Health Plans of New Hampshire, Inc. and Matthew Thornton Health Plan, Inc., claiming that defendants' failure to cover the costs of a surgical procedure known as Intradiscal Electrothermal Therapy ("IDET") constitutes a breach of contract. This case is in federal court on the premise that diversity jurisdiction exists under 28 U.S.C. § 1332(a). Defendants now move to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that Chapman has failed to allege that a sufficient amount is in controversy to meet the requirements of 28 U.S.C. § 1332(a). For the following reasons, defendants' motion to dismiss is denied.

# I.  STANDARD OF REVIEW

Under § 1332(a), federal diversity jurisdiction exists only if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  See 28 U.S.C. § 1332(a); Bull HN Information Sys. v. Hutson, 229 F.3d 321, 328 (1st Cir. 2000).  According to the United States Supreme Court, however, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal" on the basis that the amount in controversy requirement has not been met.  St. Paul Mercury Indemn. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938); see Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001); Phillips v. Fox Ridge Resort, 2003 DNH 144, 2003 U.S. Dist. Lexis 14911, *3-4 (Barbadoro, C.J., Aug. 22, 2003).  This rule strikes a compromise between the requirement that federal courts not exceed the limited grant of jurisdiction provided by § 1332(a) and the public policy imperative that courts not engage in an overly-detailed inquiry regarding preliminary questions of jurisdiction that could amount to a mini trial on the merits.  See Jack H. Friedenthal, Mary Kay Kane, and Arthur R. Miller, Civil Procedure

44 (3d ed. 1999) (citing, <u>inter alia</u>, <u>Deutsch v. Hewes St. Realty Corp.</u>, 359 F.2d 96 (2d Cir. 1966)).

## II. <u>ANALYSIS</u>

Defendants first argue that the $22,834.69 Chapman seeks as compensation for his medical expenses and the $16,000 he seeks as compensation for lost income are not supported by adequate evidence. I reject this argument. Chapman has produced a billing statement setting forth the medical charges he incurred for the treatment he sought. Further, he has disclosed deposition testimony of an expert witness who purportedly supports his claim for lost income. This evidence is sufficient at this stage of the proceedings to support Chapman's claims for medical expenses and lost income.

Defendants next argue that Chapman will be unable to recover damages in excess of his medical expenses and lost income, an amount that is far below the $75,000 jurisdictional amount necessary to try their case in federal court. Defendants' challenge rests primarily on the claim that Chapman cannot recover the $55,000 in attorneys fees he argues that he has amassed at this point in litigation. Defendants do not dispute

that attorney's fees may contribute toward the requisite jurisdictional amount.  See Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 202 (1933) (holding that attorney's fees shall be included as part of the amount in controversy calculation).  Rather, they assert that (1) Chapman is not entitled to recover fees under the relevant statute, and (2) even if he is entitled to a recovery, only reasonable attorney's fees may be granted, and $55,000 exceeds the bounds of reasonableness.

As to defendants' first argument, New Hampshire law states that "in any action to determine coverage of an insurance policy pursuant to RSA 491:22, if the insured prevails in such action, he shall receive court costs and reasonable attorneys' fees from the insurer."  N.H. Rev. Stat. Ann. § 491:22-b.  Chapman has brought a claim for declaratory judgment under RSA § 491:22 seeking a declaration that he is covered under defendants' insurance policy.  N.H. Rev. Stat. Ann. § 491:22 (New Hampshire's Declaratory Judgment Act).  Under the plain terms of § RSA 491:22-b, then, Chapman will be entitled to attorney's fees if he prevails.  Titan Holdings Syndicate, Inc. v. Keene, 898 F.2d 265, 273-74 (1st Cir. 1990) (stating that under the Erie doctrine, the remedies provided in RSA § 491:22-b are available to a plaintiff

-4-

seeking declaratory relief in a diversity suit because "state remedies are available in federal diversity actions").

As to defendants' second argument, they are correct that Chapman is entitled only to "reasonable attorney's fees" under N.H. Rev. Stat. Ann. § 491:22-b. Whether an award of fees approximating, or even in excess of $55,000, would be appropriate in this case, however, would require the court to weigh several different factors. These include

> the amount involved, *the nature, novelty*, and difficulty of litigation, the attorney's standing and the skill employed, the time devoted, the customary fees in the area, *the extent to which the attorney prevailed*, and the benefit thereby bestowed on his client.

Bianco, P.A. v. The Home Insurance Co., 147 N.H. 249, 251 (2001) (emphasis added) (citing Couture v. Mammoth Groceries, Inc., 117 N.H. 294, 296 (1977)). Such an analysis is simply not warranted at this stage of the proceedings.

## III.  CONCLUSION

The $22,834.69 Chapman seeks as compensation for his medical expenses, the $16,000 he seeks as compensation for lost income, and the $55,000 he seeks as attorney's fees more than fulfill

§ 1332(a)'s amount in controversy requirement.  Defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. No. 43) is therefore denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

April 8, 2005

cc:  Scott H. Harris, Esq.
     Peter L. Thompson, Esq.
     Donald F. Whittum, Esq.