Rockingham, }
April 6, 1909. }

## HUTCHINS *v.* PAGE.

The truth of the statement does not constitute a defence to a civil action for libel, if the publication was not made in good faith and for a justifiable purpose.

The statutory provision that a tax collector shall not be liable " for any cause whatever except his own official misconduct " does not exonerate him from liability for a malicious and unwarranted advertisement of a taxpayer's delinquency.

CASE, for libel. The plaintiff's counsel stated in opening his case that he expected to prove that the defendant, being tax collector for the city of Portsmouth and having an overdue real estate

tax against the plaintiff, advertised the property for sale by posting the notices required by the statute and also by publishing like notices in two newspapers. These publications were alleged to have been made maliciously and for no purpose except to injure the plaintiff. Upon this statement a nonsuit was ordered, subject to exception. Transferred from the October term, 1908, of the superior court by *Pike*, J.

*Kelley, Harding & Hatch*, for the plaintiff.

*Page & Bartlett*, for the defendant.

PEASLEE, J. However the law may be elsewhere, it is well settled in this state that the truth is not always a defence to an action on the case to recover damages for the publication of a libel. *State* v. *Burnham*, 9 N. H. 34. The rule there suggested, that if the occasion be lawful, the motive for the publication is immaterial if the truth of the charge be established, was materially modified when a case arose in which the question was directly in issue. " It seems to us that in order to settle whether the occasion was lawful we must generally inquire into the motives of the publisher. There may be some cases where the occasion renders not only the motive but the truth of the communication immaterial. Thus it may be the better rule that no relevant statement made by a witness or by counsel in the course of a trial is actionable, even though false and malicious. See *Revis* v. *Smith*, 18 C. B. 126. But in the great majority of instances, and certainly in the present case, the lawfulness of the occasion depends upon the good faith and real purpose of the publisher. Most of what are called ' privileged communications ' are ' conditionally,' not ' absolutely,' privileged. ' The question is one of good faith ' or motive, and can be settled only by a jury. A court cannot rule that a communication is privileged without assuming the conditions on which it is held to be privileged, namely, that it was made in good faith, for a justifiable purpose, and with a belief, founded on reasonable grounds, of its truth." *Palmer* v. *Concord*, 48 N. H. 211, 217 ; *Carpenter* v. *Bailey*, 53 N. H. 590, 594 : *S. C.*, 56 N. H. 283, 290.

Under this rule the plaintiff states a case. While it was the defendant's duty to publish the fact that the plaintiff had failed to pay the taxes assessed against him, " by posting advertisements thereof in two or more public places in the town " (P. S., *c.* 60, *s.* 14), it was not his duty to otherwise publish the fact unless he thought such publication was essential to the success of the tax-sale. If he did not so believe, but on the contrary used this occa-

sion to maliciously proclaim in a public manner that the plaintiff had not paid his taxes, there is neither legal nor ethical reason why an action should not lie for the damage caused by the malicious and unwarranted act.

The claim that the defendant is exonerated by the provision that he shall not be liable "for any cause whatever except his own official misconduct" (P. S., c. 60, s. 16) cannot be sustained. The misconduct here charged is "his own." He can no more use the statutory power to advertise as a cloak for a malicious assault upon the plaintiff's character, than he could make the power to arrest a commission for the infliction of bodily chastisement.

*Exception sustained.*

All concurred.