Rockingham,
No. 5462.

## Dolores F. Jones

*v.*

## John F. Walsh.

Argued September 7, 1966.
Decided September 30, 1966.

*Shute & Engel* and *Francis J. Frasier* ( *Mr. Frasier* orally ) for the plaintiff.

*Perkins, Holland & Donovan ( Mr. Robert B. Donovan* orally ), for the defendant.

LAMPRON, J. Plaintiff's declaration reads in part as follows: " on or about Friday, May 22, 1964, at Exeter . . . at Tula's Restaurant . . . owned and operated by the defendant, the defend- ant did injure the character and good name of the plaintiff who was at that time a waitress in the employ of the defendant and by his acts caused it to be believed that the plaintiff was guilty of the crime of embezzlement in that in the course of a certain conversation, which the defendant had with the plaintiff in the presence of a number of people in a crowded restaurant, falsely and maliciously accused the plaintiff of embezzlement as follows to wit:

" You are not ringing the cash up in the cash register. " The plaintiff replied, " Are you accusing me of stealing ? " The de- fendant replied, " Well, you're not ringing in the cash. "

If one falsely and without a privilege to do so publishes spoken words which impute to another conduct constituting a criminal offense chargeable by indictment or information either at common law or by statute and of such a kind as to be characterized as morally reprehensible, he is liable to the person to whom such wrongdoing is imputed without proof of special damage. *Gendron* v. *St. Pierre,* 73 N. H. 419; *Noyes* v. *Hall,* 62 N. H. 594; *Cinquanta* v. *Burdett,* 388 P. 2d 779 ( Colo. 1964 ); Restate- ment, Torts, ss. 570, 571; Prosser, Torts, s. 107, *pp.* 773, 774 ( 3d *ed.* 1964 ). A charge of the commission of embezzlement ( RSA 580:28 ) constitutes such a slander per se. 33 Am. Jur., Libel and Slander, s. 25, *p.* 51; 1 Harper and James, The Law of Torts, s. 5.10, *p.* 378.

It is not necessary that the words used charge the plaintiff with such a crime in a technical or direct manner. *Gendron* v. *St. Pierre, supra; Lorillard* v. *Field Enterprises,* 65 Ill. App. 2d 65. " A mere insinuation . . . the putting of words in the form of a question . . . a mere expression of opinion or of a suspicion or belief may be actionable. " 33 Am. Jur., Libel and Slander, s. 9, *p.* 43. The test is whether the words used taken in the sense in which they are reasonably understood under the circumstances by persons familiar with the language used are capable of the defamatory construction of accusing the plaintiff with a criminal offense of the type previously described. *Chagnon* v. *Union-*

*Leader Co.*, 103 N. H. 426, 435; *Powell* v. *Monitor Publishing Co.*, 107 N. H. 83, 87.

We are of the opinion that hearers of common and reasonable understanding could ascribe such a meaning to the defendant's words. *Catalfo* v. *Shenton*, 102 N. H. 47, 50; *Baer* v. *Rosenblatt*, 106 N. H. 26, 29; *Washington Annapolis Hotel Co.* v. *Riddle*, 171 F. 2d 732 ( D.C. Cir. 1948 ). Whether they did under the circumstances of this case is a question to be decided as a fact. *Blanchard* v. *Claremont Eagle, Inc.*, 95 N. H. 375, 378; *Chagnon* v. *Union-Leader Co.* 103 N. H. 426, 435.

" Not all slander, however, is actionable. Some spoken defamation may fall within a class which the law terms privileged, and for which no damages may be recovered. " *Pierce* v. *Burns*, 185 A. 2d 477, 479 ( Del. 1962 ). Defendant suggests in his brief that, having a legitimate interest in the receipts of his business, he " cannot be liable because the statements were made on a conditionally privileged occasion and nothing appears in the writ and declaration to indicate that the occasion was abused. "

It is true that " an occasion is conditionally privileged when the circumstances induce a correct or reasonable belief that ( a ) facts exist which affect a sufficiently important interest of the publisher, and ( b ) the recipient's knowledge of the defamatory matter will be of service in the lawful protection of the interest. " Restatement, Torts, *s.* 594. However, to come within that privilege " the defamatory communication must be made to a person whose knowledge of the defamatory matter because of his social or legal duty or his interest with reference thereto is likely to prove useful in the protection of the interest. " 1 Harper and James, The Law of Torts, *s.* 5.25, *p.* 440; *Slocinski* v. *Radwan*, 83 N. H. 501, 504; *Moore* v. *Butler*, 48 N. H. 161, 165. Furthermore such a " privilege may be so far abused by an unnecessary and excessive publication that the immunity is lost. " Harper and James, *op. cit. supra, s.* 5.27, *p.* 455; *Pierce* v. *Burns*, 185 A. 2d 477, 479 ( Del. 1962 ).

On the record before us, we cannot say as a matter of law that the persons present in defendant's " crowded restaurant " had a legitimate interest to be told of the defendant's suspicions or that there was any necessity whatsoever for him to make the statements he made in front of them so as to make his remarks conditionally privileged. *Williams* v. *Kroger Grocery & Baking Co.*, 337 Pa. 17. If such a privilege could be found to exist, ordinarily it

would be a question for the jury whether it had been lost by the defendant because of malice or abuse consisting of an unnecessary, unreasonable or excessive publication of the defamatory matter. *Galvin* v. *New York, New Haven and Hartford R. R.*, 341 Mass. 293; *Catalfo* v. *Shenton*, 102 N. H. 47, 50; *Baer* v. *Rosenblatt*, 106 N. H. 26, 30. His motion to dismiss was properly denied.

*Exception overruled.*

All concurred.