Merrimack,
No. 6369.

RICHARD E. SUPRY *v.* BEATRIC E. BOLDUC

July 24, 1972.

*Perkins & Douglas* and *W. H. Dale Townley-Tilson,* by brief, for the plaintiff.

*Upton, Sanders & Upton* and *J. Gilbert Upton,* by brief, for the defendant.

KENISON, C.J.   The question for decision is whether defendant is entitled to the protection of any privilege in an action for slander based upon remarks made by her directed at the plaintiff during a public hearing upon plaintiff's request for a zoning variance.

The case was transferred to this court upon an agreed statement of facts. They indicate that in September, 1970, the plaintiff, Richard E. Supry, applied to the building inspector of the city of Concord for a zoning permit to erect a concrete garage. The application was denied and subsequently referred to the Concord Zoning Board of Adjustment for a hearing on whether a variance from the terms of the ordinance should be issued.

The board of adjustment held a public hearing on the question in October, 1970. The plaintiff appeared and testified in favor of his petition for a variance. The defendant, Beatrice Bolduc, an owner of adjoining property, appeared and spoke in opposition to the petition. Her testimony, given under oath, was recorded, transcribed, and made a part of the record transferred here. After deliberation, the zoning board of adjustment denied plaintiff's petition.

Thereafter, plaintiff commenced this suit alleging that the defendant had slandered him at the public hearing. Defendant filed a motion to dismiss claiming that her remarks concerning the plaintiff were made during a judicial or quasi-judicial proceeding and were therefore absolutely privileged. The question of privilege was reserved and transferred by the Superior Court (*Dunfey*, J.). For purposes of our decision, we treat all facts properly pleaded by the plaintiff and the reasonable inferences therefrom as true and construe them most favorably to the plaintiff.

Zoning boards and commissions are created by the legislature as a part of an administrative organization designed to effect flexible application of zoning rules, regulations and restrictions. They are delegated administrative power with respect to permits, variances and nonconforming uses in order to provide a forum to individual property owners and others to voice the pro and con of zoning law, its application and administration. "Boards of adjustment, zoning appeals or review and the like are administrative, discretionary,

fact-finding and nonlegislative bodies and agencies." 8A McQuillin, Municipal Corporations *s.* 25.229, at 125 (1965 rev. vol.) (footnotes omitted). That they may exercise quasi-judicial functions, powers and duties as concomitant to their delegated authority seems generally accepted. *Id. s.* 25.230; Annot., 45 A.L.R.2d 1296 (1956). Still, many elements of a true judicial proceeding which afford safeguards to the participants therein are not made a part of the required procedure at hearings held before such boards and commissions. *See* 1 Davis, Administrative Law s. 8.03, at 520 (1958). *Compare Ellish* v. *Goldman,* 117 N.Y.S.2d 867 (Sup. Ct. 1952), *with Bleecker* v. *Drury,* 149 F.2d 770 (2d Cir. 1945); *see* RSA 31:82 (providing for admissibility of evidence transferred from zoning board of adjustment on appeal to trial court though evidence would be inadmissible if offered to said court in first instance due to application of rules of evidence).

We find meager support for defendant's contention that her remarks made before the zoning board of adjustment were entitled to the protection of an absolute privilege. 3 Anderson, American Law of Zoning *s.* 16.29 (1968); *cf. J.D. Construction Corp.* v. *Isaacs,* 95 N.J. Super. 122, 230 A.2d 168 (1967), *rev'd on other grounds,* 51 N.J. 263, 239 A.2d 657 (1968). Nor do we feel that the public or private interests sought to be effectuated by public hearings held prior to the allowance or refusal of a petition for a variance dictate that such total immunity should obtain. The occasion determines the existence and scope of the privilege, if any (Restatement of Torts *s.* 619 (1); 1 Harper & James, Law of Torts *ss.* 5.21, at 419, 5.25, at 437 (1956)), and the availability of an absolute privilege must be reserved for those situations where the public interest is so vital and apparent that it mandates complete freedom of expression without inquiry into a defendant's motives. *See* Prosser, Torts *s.* 114, at 776 *et seq.* (4th ed. 1971). It is the judgment of this court that no such interest is presented by this case.

There are present here, however, certain relations and conditions which warrant a degree of protection for persons engaging in conduct which, but for these circumstances, would be tortious. Not only does the defendant, as an adjoin-

ing landowner, have a private interest in the protection of her property to advance, but she also furthers the recognized public interest in encouraging open discussion of zoning matters at public hearings designed for that purpose. She would be entitled then to the immunity afforded by a conditional privilege, which we believe the nature of this occasion dictates should apply. Restatement of Torts *s.* 619 (1). However, whether the privilege will attach under the facts of this case will depend upon a determination by a jury that defendant's remarks were "made in good faith for a justifiable purpose, and with a belief, founded on reasonable grounds, of [their] truth . . . ." *Palmer* v. *Concord,* 48 N.H. 211, 217 (1868); *accord, Hutchins* v. *Page,* 75 N.H. 215, 72 A. 689 (1909); *Jones* v. *Walsh,* 107 N.H. 379, 381-82, 222 A.2d 830, 832 (1966); *see* Restatement, *supra s.* 619 (2); 1 Harper & James, *supra s.* 5.29, at 463. The question for determination upon remand becomes whether the defendant's language constitutes a proper use or an abuse of the occasion of the public hearing before the Concord Zoning Board of Adjustment.

*Remanded.*

All concurred.