**Hubbard D. SWEET**

v.

**MIDDLESEX MUTUAL INSURANCE COMPANY.**

**Civ. A. No. 73–210.**

United States District Court,
D. New Hampshire.

July 23, 1975.

David J. KillKelley, Nighswander, Lord, Martin & KillKelley, Laconia, N. H., for plaintiff.

Charles J. Dunn, Wadleigh, Starr, Peters, Dunn & Kohls, Manchester, N. H., for defendant.

## OPINION AND RULING

BOWNES, District Judge.

██ This is a ruling on a motion for summary judgment.[1] Defendant moved that this court rule that plaintiff has failed to state a claim upon which relief can be granted, or alternatively, that the plaintiff is otherwise estopped from proceeding with his case. The motion is granted.

### FACTS

Viewing the record in light most favorable to plaintiff, I find the following. The plaintiff, Hubbard D. Sweet, is a resident of Center Sandwich, Carroll County, New Hampshire. Prior to 1971, Sweet was an insurance agent.

The defendant, Middlesex Mutual Insurance Company ("Middlesex"), is an insurance company with its principal place of business at Monument Square, Concord, County of Middlesex, Commonwealth of Massachusetts.

For purposes of this ruling, the amount in controversy exceeds $10,000.

In a rambling narrative captioned "Complaint," [2] the plaintiff alleges that the defendant "knowingly, willingly, maliciously, wrongfully and intentionally interfered and intermeddled with the business affairs and occupation of the Plaintiff."

An analysis of the complaint indicates that defendant allegedly did these things by improperly attaching plaintiff's business assets and Massachusetts checking accounts, and by misrepresenting facts to the departments of insurance of Massachusetts and New Hampshire. Both departments held hearings pursuant to defendant's representations.

---

1. Defendant moved for a summary resolution of this case. It did not, however, relate its motion to a particular federal rule. This error is overlooked in this instance, and the motion is treated as one for summary judgment. In the future, however, counsel would be advised to refer to the F.R.Civ.P. for guidance regarding the form of written motions.

2. Plaintiff is directed to Rule 8, F.R.Civ.P.

As a result of the hearings, plaintiff lost his insurance license in Massachusetts and was denied the issuance of a broker's license in this State.

Plaintiff alleges that these actions by defendant and their consequences give rise to causes of action in tort by plaintiff against defendant.

The parties have stipulated that there is pending before the Norfolk County Superior Court for the Commonwealth of Massachusetts (Norfolk Equity No. 103140) an attachment action relating to the assets of plaintiff's insurance office in that county.

The parties have also stipulated that an action was tried in the above-mentioned Norfolk Court (Norfolk County Superior Court No. 103381), which involved the referenced attachment of plaintiff's bank accounts. Judgment was rendered for defendant.

## ISSUES

1. Does a department of insurance hearing confer absolute privilege upon a declarant for statements made at and in connection with the hearing as against one who suffers an adverse judgment as a result of the hearing?

2. Should this court exercise jurisdiction with respect to attachment-related matters when these presently are the subject matter of a judicial proceeding in another forum?

3. If the defendant's statements in connection with a department of insurance hearing are not absolutely privileged, then does the judgment rendered collaterally estop plaintiff from proceeding with this action?

## ANALYSIS AND RULING

1. *Absolute privilege*

 Plaintiff has not stated a cause of action. Defendant's claim of absolute privilege is accepted.

The law in this State is:

A party cast in a judgment in a suit at law cannot maintain an action against the adverse party for suborning a witness, whose testimony tended to produce the judgment (citations omitted), nor for the adverse party's fraud and false swearing, so long as the judgment remains in effect. *Stevens* v. *Rowe,* 59 N.H. 578, 579 (1880);

\* \* \* \* \* \*

This is not only the rule in cases of malicious prosecution (citation omitted), but also in other cases where the conduct is inherently wrongful. (Citations omitted.) *Sweeney* v. *Young,* 82 N.H. 159, 166, 131 A. 155, 159 (1925).

With the exception of the requirement that the subject of the hearing be "cast in judgment," the New Hampshire rule has been carried into the Restatement, 2d, Torts (Tent. Draft No. 20) at § 588:

A witness is absolutely privileged to publish defamatory material concerning another in communications preliminary to a proposed judicial proceeding or as a part of a judicial proceeding in which he is testifying, if it has some relation to the proceeding.

One reason for this rule is that vexatious suits would be multiplied if the merits of an earlier judgment could be reexamined by a trial of the witness's testimony. *Stevens* v. *Rowe, supra,* 59 N.H. at 579. Another reason is that fear of subsequent litigation would discourage witnesses from giving full disclosure at a judicial proceeding. Restatement, 2d, Torts, *supra* at § 588, comment a.

It is felt that prospects of criminal prosecution for perjury and punishment for contempt will be sufficent to rein in a witness's imagination before it reaches full gallop. *(Ibid.)* [3]

Although no New Hampshire cases are directly on point, it is this court's

---

3. For a statement of the contrary view regarding privilege and judicial proceedings, see *Nichols* v. *Alker,* 231 F.2d 68, 80 (2d Cir. 1956).

educated guess that the State's courts would rule that a hearing held by the New Hampshire Department of Insurance is a judicial proceeding in which the rule of absolute privilege applies.

The State has long recognized that "in passing upon applications for license, the commissioner [of insurance] acts in a judicial capacity." *Am. Motors Ins. Co., Inc.* v. *Garage,* 86 N.H. 362, 368, 169 A. 121, 125 (1933).

The criteria of qualification as a judicial proceeding were set forth by Chief Justice Kenison in *Supry* v. *Bolduc,* 112 N.H. 274, 293 A.2d 767 (1972). There the issue of absolute privilege was raised in connection with remarks made at a public hearing held by a board of (zoning) adjustment.

In ruling that that hearing was not a judicial proceeding, the Chief Justice noted, *inter alia,* that "many elements of a true judicial proceeding which afford[s] safeguards to the participants therein are not made a part of the *required* procedure . . . " (Emphasis supplied.) (*id.* at 276, 293 A.2d at 769), and that the public interest in such hearings was not great enough to permit absolute privilege. *(Ibid.)*

The case at hand is distinguishable, and application of the *Supry* v. *Bolduc* considerations leads to a conclusion contrary to the one reached in that case.

The required procedure at a hearing before the New Hampshire Department of Insurance embodies many of the safeguards of recognized judicial proceedings. The parties have, for examples, the statutory rights to an attorney, to inspect all evidence, to cross-examine, to present evidence and to have subpoenas issued for witnesses and documents. NH RSA 400–A:20. Additionally, a witness risks contempt citations for improper behavior. NH RSA 400–A:21.

All of the above requirements, as well as others, of an insurance hearing are not requirements of a board of adjust-ment hearing. Indeed, there are no such statutory requirements associated with a board of adjustment hearing.

The plaintiff has a statutory right to appeal from the decision of the commissioner. NH RSA 541:14 provides that the Supreme Court may expand the record of the hearing by taking evidence that was not included at it by reason of either "accident or mistake." The Court may also consider questions of law and procedure and certainly the question of whether or not the commissioner of insurance had conflicts of interest that prevented impartial judgment.

The public interest in having full disclosure at an insurance hearing is great, and the public's interest in insurance has been protected historically by the insurance commission, rather than by civil litigation.

Moreover, the factual conclusions of the insurance commissioner based on a hearing carry great weight upon appeal, and, for this reason, it is especially important that no inhibitions be placed upon disclosure at that hearing. *See, generally,* NH RSA 541.

In view of the foregoing, the statements made by the defendant in connection with the hearings before the New Hampshire Department of Insurance are absolutely privileged and do not give rise to a cause of action.[4]

As neither party introduced evidence that Massachusetts law differs from New Hampshire law in this regard, or that proceedings before its Department of Insurance are dealt with any differently, the law of conflicts permits the inference that the pertinent Massachusetts law is compatible with its New Hampshire counterpart.

### 2. *Attachments*

This court will not exercise jurisdiction with respect to the various attachment-related proceedings pending in local courts of Massachusetts and, there-

---

4. In accordance with the view of this case is *Robertson* v. *Industrial Ins. Co.,* 75 So.2d 198 (Fla.1954).

fore, exercises its right of abstention. *See, Un. Am. Ins. Co.* v. *Whaland,* D.C. N.H. (C.A. No. 74–348, March 26, 1975).

### 3. *Collateral Estoppel*

In view of the ruling with respect to cause of action, this issue has become moot and need not, therefore, be decided.

I rule that the plaintiff has failed to state a cause of action and, for that reason, this complaint is dismissed.

So ordered.