Martin L. VANDEGRIFT, Richard J. Collette, David H. Fesette, John P. Hayes

v.

AMERICAN BRANDS CORPORATION.

Civ. No. 81–616–D.

United States District Court, D. New Hampshire.

Sept. 21, 1983.

Gordon A. Rehnborg, Jr., Manchester, N.H., for plaintiffs.

Irvin D. Gordon, Concord, N.H., for defendant.

## ORDER

DEVINE, Chief Judge.

This action is presumably founded upon diversity of citizenship. 28 U.S.C. § 1332. Plaintiffs complain that defendant wrongfully discharged them from employment and defamed them. Defendant moves for summary judgment.

The Court briefly restates those facts not in dispute. Defendant employed plaintiffs who promoted sales of defendant's tobacco products. Plaintiffs carried with them for promotion tobacco products purchased from wholesalers. Plaintiffs paid less than wholesale price for these products, and defendant reimbursed plaintiffs for these products at the higher wholesale price. Defendant terminated plaintiffs for seeking reimbursement at prices higher than those actually paid.

Summary judgment is proper only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.; *Condon v. Local 2944, United Steelworkers of America,* 683 F.2d 590, 594 (1st Cir.1982). A dispute of fact is material when it affects the outcome of the litigation, and is genuine if made manifest by substantial evidence going beyond the allegations of the complaint. *Pignons S.A. de Mecanique de Precision v. Polaroid Corporation,* 657 F.2d 482, 486 (1st Cir.1981). In filing its motions for summary judgment, defendant assumes the burden of demonstrating that there is no genuine issue of material fact. *White v. Hearst Corporation,* 669 F.2d 14, 17 (1st Cir.1982). The Court must look at the record in the light most favorable to, and indulge all inferences in favor of, the party opposing the motion. *Packish v. McMurtrie,* 697 F.2d 23, 27 (1st Cir.1983) (per curiam).

To state a claim for wrongful discharge from employment plaintiffs must show that defendant was motivated by bad faith, malice, or retaliation, and must demonstrate that they were discharged because they performed an act that public policy would encourage, or refused to do something that public policy would condemn. *Cloutier v. Great Atlantic & Pacific Tea Company, Inc.,* 121 N.H. 915, 436 A.2d 1140 (1981). Plaintiffs argue that defendant violated public policy when it discharged plaintiffs for doing what defendant expressly ordered them to do, i.e., buy promotional tobacco supplies from wholesalers at a discount price, but seek reimbursement from defendant at a higher wholesale price. Defendant's discharge of plaintiffs because they did what defendant expressly ordered them to do, while arguably involving an element of bad faith, does not adequately articulate the specific expression of public policy necessary to state a claim for wrongful discharge from employment.

The Court outlines the development of the legal theory of wrongful discharge from employment in New Hampshire. In *Monge v. Beebe Rubber Company,* 114 N.H. 130, 133, 316 A.2d 549, 551 (1974), the New Hampshire Supreme Court held that a termination by the employer of a contract of employment at will which is motivated by

bad faith or malice or based on retaliation is not in the best interest of the economic system or the public good and constitutes a breach of the at-will employment contract. The sole question on appeal was whether defendant acted maliciously in terminating plaintiff's employment. *Id.,* 114 N.H. at 133, 316 A.2d at 552. The Court upheld the jury's finding that the employer, through its agents, i.e., the foreman who harassed plaintiff because she refused to go out with him, and the personnel manager who condoned if not shared the foreman's hostility toward plaintiff, acted maliciously in terminating plaintiff's employment. The element of public policy waited in the wings.

The New Hampshire Supreme Court in *Howard v. Dorr Woolen Company,* 120 N.H. 295, 297, 414 A.2d 1273, 1274 (1980), construed *Monge* to apply only to a situation where an employee is discharged because he performed an act that public policy would encourage, or refused to do that which public policy would condemn. The Court upheld the dismissal where plaintiff alleged that defendant wrongfully discharged plaintiff's deceased husband because of his age and sickness. The Court found that a discharge due to sickness or a discharge because of age [1] do not fall within the "narrow category" of situations where an employee is discharged because he performed an act that public policy would encourage, or refused to do that which public policy would condemn. *Howard* cast public policy into the limelight but drew bad faith, malice, and retaliation backstage.

In *Cloutier, supra,* the New Hampshire Supreme Court correlated *Monge* and *Howard* and articulated a *two-part test.* First, the plaintiff must show that the defendant was motivated by bad faith, malice, or retaliation in terminating the plaintiff's employment. *Id.,* 121 N.H. at 921, 436 A.2d at 1143, *citing Monge, supra,* 114 N.H. at 133, 316 A.2d at 551. The Court held that under *Monge,* discharging the plaintiff because a burglary occurred in defendant's store, when the defendant's loss resulted from actions it condoned, i.e., leaving money in the store safe, could be found to involve bad faith and retaliation. *Id.,* 121 N.H. at 921, 436 A.2d at 1144.

Second, and for present purposes more importantly, the Court ruled that the plaintiff must demonstrate that he was discharged because he performed an act that public policy would encourage, or refused to do something that public policy would condemn. *Id.,* 121 N.H. at 922, 436 A.2d at 1144, *citing Howard, supra,* 120 N.H. at 297, 414 A.2d at 1274. Citing *Pierce v. Ortho Pharmaceutical Corp.,* 84 N.J. 58, 417 A.2d 505 (1980),[2] the Court quickly rejected defendant's contention that *Monge* and *Howard* demanded a statutory expression of public policy. The Court pronounced that even though in this case public policy derived from statutes,[3] exceptions giving rise to wrongful discharge actions may also be based on nonstatutory policies. *Id.,* 121 N.H. at 922, 436 A.2d at 1144.

Defendant also argued in *Cloutier* that the trial court erred in permitting the jury to determine whether a public policy existed. The Court held that the existence of a public policy calls for the type of multifaceted balancing process that is properly left to the jury in most instances. *Id.,* 121 N.H. at 924, 436 A.2d at 1145.

We believe it best to allow the citizenry, through the institution of the American jury, to strike the appropriate balance in these difficult cases. Though a

---

1. The Court noted that the proper remedy for an action for unlawful age discrimination is provided by statute. *Id.,* 120 N.H. at 297, 414 A.2d at 1274.

2. In *Pierce v. Ortho Pharmaceutical Corporation,* the Court found that plaintiff did not assert the breach of any specific contractual provision as a basis for relief, 84 N.J. at 71–72, 417 A.2d at 512, and addressed itself to the *tort* of wrongful discharge.

3. Defendant employer had the duty to furnish to each employee employment and a place of employment free from recognized hazards causing or likely to cause death or serious physical harm to the employee. 29 U.S.C. § 654(a). Defendant also was required to give employees a day of rest. N.H. RSA 275:33.

public policy could conceivably be so clear as to be established or not established as a matter of law, in this case it was properly a question of fact for jury determination.

*Id.,* 121 N.H. at 924, 436 A.2d at 1145. This Court in *Mellitt v. Schrafft Candy Company,* Civ. No. 80–513–D (D.N.H. Dec. 21, 1982), *aff'd,* 685 F.2d 421 (1st Cir.1982) (unpublished opinion), however, granted summary judgment to defendant employer who discharged plaintiff employee who had expressed a sincere and good-faith disagreement with a company policy. *Id.* at 10.[4] This Court held that although discharge may be harsh, unfair, or without good cause, unless there is a sufficient showing to support a factual finding that the management decision in question is contrary to a public policy, a discharge for business reasons is not actionable. *Id.*

The analysis of the cause of action of wrongful discharge from employment and the element of public policy here at issue depend upon the characterization of the theory as either tort or contract. The theory of wrongful discharge from employment is treated variously by different jurisdictions as a tort action or as a contract action. *Annot.,* 12 A.L.R. 4th 544 (1982). The New Hampshire Supreme Court has characterized the action under both tort and contract. *Mellitt, supra,* unpub. slip op. at 3, n. 1. The Court characterized *Monge* as an action in assumpsit to recover damages for an alleged breach of an oral contract of employment. *Monge, supra,* 114 N.H. at 130, 316 A.2d at 550. It characterized *Howard* as an action for breach of contract. *Howard, supra,* 120 N.H. at 297, 414 A.2d at 1274. In *Cloutier,* however, the Court asked whether the plaintiff had articulated a public policy sufficient to give rise to a cause of action in *tort* under *Howard. Cloutier, supra,* 121 N.H. at 920, 436 A.2d at 1143. More specifically, therefore, the New Hampshire Supreme Court has characterized the *elements* of the action under principles of tort and contract. Thus, the hybridization of the cause of action: the ele-

ments of bad faith, malice, or retaliation following contract law, *Monge, supra;* and the element of public policy following tort law, *Howard, supra.* Hence, the Court proceeds in its analysis of the element of public policy in New Hampshire under tort law principles. *Cloutier, supra,* 121 N.H. at 920, 436 A.2d at 1143; *see also Young v. Abalene Pest Control Services, Inc.,* 122 N.H. 287, 291, 444 A.2d 514, 516 (1982) (Douglas, J., dissenting) (if elements establishing a duty are clear, court may decide whether duty owed as a matter of law).

■ The breach of an at-will employment contract standing alone would not normally give rise to a tort action. *See Lawton v. Great Southwest Fire Insurance Company,* 118 N.H. 607, 613, 392 A.2d 576, 580 (1978). If, however, the facts constituting the breach of the contract also constitute a breach of a duty owed by the defendant to the plaintiff *independent* of the contract, a separate claim for tort will lie. *Lawton, supra,* 118 N.H. at 613, 392 A.2d at 580, *citing Busick v. Home Owners Loan Corp.,* 91 N.H. 257, 258, 18 A.2d 190, 191 (1941); *Dustin v. Curtis,* 74 N.H. 266, 269, 67 A. 220, 222 (1907). As stated in *Busick* and *Dustin,* absent some positive duty which the law imposes, the contract imposes no tort liability.

■ Of course, there exists in every contractual relationship an implied covenant that the parties will carry out their obligations in good faith. *Cloutier, supra,* 121 N.H. at 920, 436 A.2d at 1143. The implied covenant, however, is dependent upon the contractual relationship of the parties, and does not itself create an independent tort duty. The claim that defendant owed to plaintiffs a duty of fairness is not that sort of positive legal duty, independent of the contract, upon which public policy rests. This Court rejects, as it has in the past, *Mellitt, supra,* plaintiffs' sweeping contention that absent a positive legal duty independent of the contract, defendant's alleged unfair treatment of plaintiffs adequately articulates the specific expression of public

---

**4.** Unless otherwise noted, citations are to the lower court's order.

**500**

policy necessary to state a claim for wrongful discharge from employment. Consequently, the Court grants defendant's motion for summary judgment on Count I.

 Plaintiffs also allege that the defendant, acting through its agent and employee, communicated with various New Hampshire wholesale tobacco distributors and told them that plaintiffs had been discharged from employment for misuse of company funds. Complaint ¶ 15; Amended Complaint ¶ 15(a). Defendant alleges, assuming *arguendo* defendant told a distributor that plaintiffs had been terminated for improper use of funds and such a statement is defamatory, that the statement is privileged if "made in good faith for a justifiable purpose, and with a belief, founded on reasonable grounds, of their truth." *Supry v. Bolduc,* 112 N.H. 274, 277, 293 A.2d 767, 769 (1972). Defendant overlooks the beginning of that same sentence, however, which states that "whether the privilege will attach under the facts of this case will depend upon a determination *by a jury* that defendant's remarks" were so made. *Id.* Defendant's other arguments are similarly without merit at this stage of the proceedings. Genuine issues of material fact are in dispute, and, therefore, defendant is not entitled to judgment as a matter of law. Consequently, the Court denies defendant's motion for summary judgment on Count II.

Defendant has recently moved for deferral of trial date. The Court construes defendant's motion as one for continuance, and, in light of this Order, denies said motion.

Accordingly, the Court grants defendant's motion for summary judgment on Count I, and denies the motion on Count II. The Court also denies defendant's motion for continuance.

SO ORDERED.