Sabanek Assoc. v. Navarro          CV-95-269-B    10/06/95

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Sabanek Associates, Inc.

     v.                                   Civil No. 95-269-B

Dawn Navarro


### O R D E R

The plaintiff, Sabanek Associates, Inc. ("Sabanek"), petitioned for declaratory judgment against Dawn Navarro in response to Navarro's allegations that Sabanek was infringing her quilting pattern copyright.  Navarro moves to dismiss Sabanek's action on the grounds that this court lacks personal jurisdiction over her.  For the reasons that follow, I grant the motion to dismiss.

### I.  BACKGROUND[1]

Sabanek is a New Hampshire corporation doing business as Keepsake Quilting Supplies by selling quilting products through mail-order catalogs.  Dawn Navarro is a professional graphic designer who lives in California.  Navarro has created quilt

---

[1]  The facts recited here are taken from the parties' submissions in support of their pleadings and are provided for purposes of background information only.  I make no findings as to the truth of any of the background facts.

patterns that have been published in the Los Angeles Times and by the Walt Disney Company.

In 1993, Sabanek began selling a quilting pattern of cats that it purchased from Mary Mandell. The pattern Sabanek purchased bore a copyright notice to Mary Mandell dated 1992. The cats quilting pattern was included in Sabanek's catalogs, "The Quilter's Wishbook," in the fall of 1994 and spring of 1995.

In February 1995, Sabanek received a letter from Navarro's counsel explaining that Navarro had designed and held the copyright for the cats quilting pattern Sabanek sold in its catalogs. The letters stated that Navarro designed the pattern in 1984 and the pattern had been published in a September 1984 Sunday edition of the Los Angeles Times. The entire Sunday edition of the Times, including Navarro's pattern, was registered with the United States Copyright Office in 1985. The Times assigned its nominal interests in the copyright for the quilt pattern to Navarro in January 1995.

After Navarro's counsel, John Diamond, first contacted Sabanek about copyright infringement, further correspondence on the issue ensued between Diamond, Sabanek, and Sabanek's counsel in New Hampshire and then in Massachusetts. Diamond warned that Sabanek's use of Navarro's pattern constituted copyright

infringement that would entitle her to damages, attorneys' fees, and costs.  In May 1995, Sabanek filed a petition for declaratory judgment in this court seeking to establish that:  (1) the cat quilt pattern was not subject to a validly registered copyright during the time Sabanek sold the pattern; (2) the cat pattern has been in the public domain since before Sabanek began to sell it; and (3) Mandell's cat pattern does not infringe Navarro's pattern.  In response, Navarro moves to dismiss for lack of personal jurisdiction.  I address the jurisdictional question as follows.

## II.  DISCUSSION

The plaintiff, as the party seeking to invoke the court's jurisdiction, bears the burden of proof on the existence of personal jurisdiction.  Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 207 n.9 (1st Cir. 1994).  To carry the burden of proof when there has been no evidentiary hearing, the plaintiff must make a prima facie showing of personal jurisdiction by submitting "evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction."  Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 675 (1st Cir. 1992).  As in the standard for summary judgment, the plaintiff "ordinarily cannot

3

rest upon the pleadings, but is obliged to adduce evidence of specific facts," and the court "must accept the plaintiff's (properly documented) evidentiary proffers as true" and make its ruling as a matter of law. <u>Foster-Miller, Inc. v. Babcock & Wilcox Canada</u>, 46 F.3d 138, 145 (1st Cir. 1995); <u>United Elec. Workers v. 163 Pleasant St. Corp.</u>, 987 F.2d 39, 44 (1st Cir. 1993). An evidentiary hearing will be required only if the court determines that it would be unfair to the defendant to resolve the issue without requiring more of the plaintiff than a prima facie showing of jurisdiction.[2] <u>Foster-Miller</u>, 46 F.3d at 146. Because the plaintiff asserts federal question jurisdiction based on federal copyright laws, 17 U.S.C.A. § 101, et seq., which do not provide for personal jurisdiction or nationwide service of process,[3] New Hampshire's long-arm statute provides the

---

[2] The trial court has three procedural options for resolving the issues raised in a motion to dismiss for lack of personal jurisdiction: the "prima facie" standard; the preponderance of the evidence standard; and an intermediate evidentiary test under the likelihood standard. <u>Foster-Miller</u>, 46 F.3d at 145-46 (explaining the "trio of standards, each corresponding to a level of analysis, that might usefully be employed" in deciding a motion to dismiss for lack of personal jurisdiction). I use the prima facie standard, as there has been no evidentiary hearing. <u>Id.</u>

[3] <u>See</u> <u>Rano v. Sipa Press, Inc.</u>, 987 F.2d 580, 587 (9th Cir. 1993) (holding in a copyright infringement case that no

4

applicable standard.  Fed. R. Civ. P. 4(k)(1);  <u>Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.</u>, 484 U.S. 97, 108 (1987); <u>United Elec. Workers v. 163 Pleasant St. Corp.</u>, 960 F.2d 1080, 1085-86 (1st Cir. 1992).

## A.    New Hampshire Long-Arm Statute

When considering the assertion of long-arm jurisdiction in New Hampshire over a nonresident individual, the applicable statute provides as follows:

> Any person who is not an inhabitant of this state and who, in person or through an agent, transacts any business within this state, commits a tortious act within this state, or has the ownership, use, or possession of any real or personal property situated in this state submits himself, or his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from or growing out of the acts enumerated above.

N.H. Rev. St. Ann. 510:4, I (1983).  The New Hampshire Supreme Court construes the statute "to provide jurisdiction over foreign defendants to the full extent that the statutory language and due process will allow."  <u>Phelps v. Kingston</u>, 130 N.H. 166, 171 (1987).  I first consider whether the statutory language covers the factual circumstances in this case, and then turn to the requirements of due process.

_____

applicable federal statute governed personal jurisdiction).

5

Sabanek argues that Diamond's letters written to Sabanek and its counsel concerning copyright infringement constituted "transacting business" under the New Hampshire long-arm statute.[4] In support of jurisdiction, Sabanek relies on cases in which courts found that letters warning of patent infringement contributed to support personal jurisdiction. In B & J Mfg. Co. v. Solar Indus., Inc., 483 F.2d 594, 598 (8th Cir. 1973), cert. denied, 415 U.S. 918 (1974), the court held that letters warning of patent infringement constituted "transacting business" under

_____

[4] Sabanek also argues that Navarro has committed torts in New Hampshire due to Diamond's assertions of copyright infringement. Without identifying the "tort," Sabanek notes that it was forced to cease the sale of the disputed pattern and lost profits and relies on Lex Computer & Management Corp. v. Eslinger & Pelton, P.C., 676 F. Supp. 399 (D.N.H. 1987). By analogy to Lex Computer, Sabanek appears to assert the tort of defamation. "To establish defamation, there must be evidence that a defendant failed to exercise reasonable care in publishing, without a valid privilege, a false and defamatory statement of fact about the plaintiff to a third party." Independent Mechanical Contractors, Inc. v. Gordon T. Burke & Sons, Inc., 138 N.H. 110, 118 (1993). Unlike the circumstances in Lex Computer, where defendants sent allegedly defamatory letters to purchasers and prospective purchasers of the plaintiff's products, the letters here were sent by Diamond only to Sabanek and its counsel. Therefore, the statements, even if they were defamatory, were not published when sent to Sabanek, and were otherwise absolutely privileged. See Restatement (Second) of Torts § § 583, 586 (1977); see also McGranahan v. Dahar, 119 N.H. 758, 763 (1979); Jones v. Walsh, 107 N.H. 379, 381 (1966). Sabanek has failed to carry its burden of showing that Navarro committed torts in New Hampshire.

the Minnesota long-arm statute, but also noted that "the defendant is no stranger to Minnesota, and that it had a number of related contacts in the forum."[5]

The First Circuit followed B & J Mfg. in Nova Biomedical Corp. v. Moller, 629 F.2d 190, 195 (1st Cir. 1980) and found that the defendant had transacted business within the meaning of the Massachusetts long-arm statute by sending a letter charging infringement when the defendant "already is conducting or planning some patent-related business activity in the forum" and "the plaintiff is pursuing a competing line of work there." In Akro Corp. v. Luker, also cited by the plaintiff, the court made no finding under the "transacting business" portion of the Ohio long-arm statute but instead looked only at whether the circumstances met due process requirements. Akro Corp., 45 F.3d 1541, 1544 (Fed. Cir.), cert. denied, 115 S. Ct. 2277 (1995). Even if Diamond's letters to Sabanek and counsel were construed as transacting business in New Hampshire within the meaning of

_____

[5] The Eighth Circuit has distinguished and criticized its decision in B & J Manufacturing for failing to conduct a sufficient due process analysis. See Land-O-Nod Co. v. Bassett Furniture Indus., 708 F.2d 1338, 1342 (8th Cir. 1983); see also Zumbro, Inc. v. California Natural Products, 861 F. Supp. 773, 781 (D. Minn. 1994).

the long-arm statute, the defendant's contacts with New Hampshire must still pass due process muster.  Accordingly, I turn to the constitutional question without deciding whether the case satisfies the requirements of New Hampshire's long-arm statute.

**B.    Due Process**

The Due Process Clause of the Fourteenth Amendment[6] to the United States Constitution limits a state's power to assert personal jurisdiction over nonresident defendants.  Helicopteros Nacionales De Colombia, S.A. v. Hall, 466 U.S. 408, 413-14 (1984) (citing Pennoyer v. Neff, 95 U.S. 714 (1877)).  For the court to properly assert personal jurisdiction over an absent nonresident defendant, the defendant must have had "certain minimum contacts with [the forum] such that the maintenance of the suit does not

---

[6]  The circuits disagree as to whether the due process analysis for personal jurisdiction in federal question cases relying on a state long-arm statute is controlled by the Fifth or Fourteenth Amendments.  See, e.g., Akro Corp., 45 F.3d at 1544-45; United Elec. Workers, 960 F.2d at 1085-86.  This may amount to no more than a distinction without a difference, however, as the jurisdictions that follow a Fifth Amendment analysis apply the same "minimum contacts" standard stemming from International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) as in the Fourteenth Amendment analysis.  See Akro Corp., 45 F.3d at 1545.  The First Circuit uses the Fourteenth Amendment analysis when the underlying federal law does not provide for personal jurisdiction or service so that the forum state's long-arm statute applies.  United Elec. Workers, 960 F.2d at 1085-86.  That is the situation here.

8

offend 'traditional notions of fair play and substantial justice.'" Helicopteros, 466 U.S. at 414 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); accord Burnham v. Superior Court of California, 495 U.S. 604, 618 (1990). To satisfy this requirement, the defendant's conduct should bear such a "substantial connection with the forum [s]tate" that the defendant "should reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473-75 (1985) (internal quotations omitted).

Due process may be satisfied through general or specific contacts providing jurisdiction over a defendant. Foster-Miller, Inc., 46 F.3d at 144. If a defendant's activities within the forum state are unrelated to the litigation but are "continuous and systematic" or "substantial," the defendant has a sufficient relationship with the forum to support general jurisdiction. Helicopteros, 466 U.S. at 413-14. The contacts relied upon by Sabanek, the infringement letters, the Los Angeles Times edition in 1984, and possible publication of Navarro's designs by the Walt Disney Company, are neither substantial nor continuous and do not meet the standard for general jurisdiction.

When circumstances do not support general jurisdiction, a court may instead exert specific jurisdiction but only if the

plaintiff can show that the defendant's contact with the forum meets the constitutional standard in three distinct components. Foster-Miller, 46 F.3d at 144. These are:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

United Elec. Workers, 960 F.2d at 1089; accord Foster-Miller, 45 F.3d at 144. The first component, relatedness, is probably satisfied because the litigation directly involves Navarro's claims of copyright infringement expressed in Diamond's letters.[7] Therefore, I concentrate on the second and third components of the constitutional test.

The test's second component, purposeful availment, requires proof of two things. First, the defendant's "contact and connection with the forum [s]tate [must be] such that he should reasonably anticipate being haled into court there."

_____

[7] The other contacts that Sabanek relies on, the 1984 edition of the Los Angeles Times which published Navarro's pattern and Walt Disney Company's purchase of Navarro designs, are much less related to the current litigation.

10

<u>Ticketmaster-New York</u>, 26 F.3d at 207 (<u>quoting</u> <u>World Wide</u>
<u>Volkswagen Corp. v. Woodson</u>, 444 U.S. 286 297 (1980)).  Second,
the defendant's contacts must be voluntary rather than the result
of the "unilateral activity of another party or a third person."
<u>Id.</u> at 207-08 (<u>quoting</u> <u>Burger King Corp. v. Rudzcuicz</u>, 471 U.S.
462, 475 (1985)).

In the present case, Navarro's incidental contact with New
Hampshire through her counsel's letters is insufficient to show
purposeful availment.  <u>See</u> <u>Nova</u>, 629 F.2d at 197 ("the mailing of
an infringement notice standing alone has rarely been deemed
sufficient to satisfy the constitutional standard"); <u>Zumbro,</u>
<u>Inc.</u>, 861 F. Supp. at 780-81 & n.16 (sending infringement letters
combined with unrelated contacts with the forum were insufficient
to support specific personal jurisdiction);  <u>Database America v.</u>
<u>Bell South Advertising & Publishing</u>, 825 F. Supp. 1195, 1213
(D.N.J. 1993) ("Courts have consistently held that the sending of
a cease and desist letter in patent or copyright cases is alone
insufficient to establish the minimum contacts necessary for
specific personal jurisdiction.") (citing cases); <u>KVH Industries,</u>
<u>Inc. v. Moore</u>, 789 F. Supp. 69, 73 (D.R.I. 1992) (letters
asserting allegedly valid patent rights are not "the sort of
meaningful, purposeful forum contacts" necessary to satisfy due

11

process).  Cf. Akro Corp., 45 F.3d at 1546-49 (defendant's counsel's infringement letters met due process standards only in combination with defendant's exclusive licensing agreement with a competitor in the forum state); Modern Computer Corp. v. Ma, 862 F. Supp. 938, 945 (E.D.N.Y. 1994) (infringement cease and desist letter with other significant and related activities in New York were enough to show purposeful availment).  But see OKI America, Inc. v. Tsakanikas, No. C 93-20728 JW, 1993 WL 515860 at *3 (N.D. Cal. Dec. 6, 1993) (letters alleging patent infringement were sufficient to show purposeful availment under Ninth Circuit standard and citing cases).  Moreover, the publication of Navarro's pattern by the Los Angeles Times and the purchase and distribution of Navarro's patterns by the Walt Disney Company, assuming that they reached New Hampshire, were business efforts by these companies, and not Navarro.[8]  Therefore, they cannot be relied on to satisfy the purposeful availment requirement.

Finally, a finding of personal jurisdiction would not be reasonable in light of the test's third component, the Gestalt

---

[8]  Merely putting her designs into the stream of commerce by selling them to other entities is not an act directed to any particular state.  Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 112 (1987).

12

factors.  The Gestalt factors include five considerations:

> '(1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.'

Foster-Miller, 46 F.3d at 150 (quoting United Elec. Workers, 960 F.2d at 1088)).  In addition to the obvious inconvenience for Navarro to defend the suit here in New Hampshire, I am convinced that public policy would not be served by subjecting Navarro to suit here based on the copyright infringement letters.  If jurisdiction could be grounded on infringement letters alone, a copyright holder would have to choose between being subject to the infringer's preemptive strike suit in the infringer's home state or filing suit in a convenient forum without first attempting to resolve the dispute through communication.  On balance, these factors outweigh any counterveiling concerns recognized by the Gestalt factors.

Therefore, because Navarro lacked minimum contacts with New Hampshire and jurisdiction under these circumstances would be unreasonable, I dismiss Sabanek's action for lack of personal jurisdiction over the defendant.

### III.  <u>CONCLUSION</u>

For the foregoing reasons, defendant's motion to dismiss, (document no. 4) is granted.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

October 6, 1995

cc:  Andrew Dunn, Esq.
     John DuPre, Esq.
     Peter Millham, Esq.