Paster v. Glazier                    CV-03-484-PB   02/17/05

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**Mark Paster, et al.**

    **v.**                                    Civil No. 03-484-PB
                                                  2005 DNH 028
**Philip Glazier, et al.**


**O R D E R**


For the reasons set forth below, I deny plaintiffs' motion
for partial summary judgment (Doc. No. 24) with respect to both
plaintiffs' claim for the return of their security deposit and
defendant Glazier's counterclaim for defamation.  I grant the
motion with respect to defendant Glazier's third party
beneficiary counterclaim.

**1.   Security Deposit Claim**

Plaintiffs seek summary judgment with respect to their claim
for the return of their security deposit.  They base their motion
on the premise that defendants failed to abide by a condition in
the sales agreement stating that plaintiffs' obligation to

complete the purchase is

> contingent on buyer being shown the actual
> corner pins of the land and seeing the view
> from same. Buyer is actually to view this
> property within seven days of notification
> from sellers that pins are visible. Buyer is
> to notify seller's agent as to acceptability
> on viewing date. If unacceptable to buyer,
> all deposit money is to be refunded in full
> and this contract shall be deemed void.

I reject plaintiffs' argument because facts material to the resolution of this issue remain in genuine dispute. In particular, factual disputes exist as to: (1) whether defendants fulfilled their obligations under the condition by notifying plaintiffs that the pins were visible and making reasonable efforts to facilitate a viewing; (2) whether plaintiffs waived the condition; and (3) whether defendants detrimentally relied on plaintiffs' waiver.

## 2. Defamation Counterclaim

Plaintiffs rely on Section 563 of the Restatement (Second) of Torts to support their motion for summary judgment with respect to defendant Glazier's defamation counterclaim. Comment b to Section 563 provides that

> [i]f the maker of the communication intends
> to defame the other and if the person to whom
> it is made so understands it, the meaning so

> understood is to be attached to it.  This is
> true although . . . the ordinary person would
> not recognize it.  On the other hand,
> although the person making the communication
> intends it to convey a defamatory meaning,
> there is no defamation if the recipient does
> not so understand it.  This is true although
> the defamatory meaning is so clear that an
> ordinary person would immediately recognize
> it.

See also Thomson v. Cash, 119 N.H. 371, 375 (1979)(citing

comment).  Plaintiffs rely on this comment in arguing that the

statement on which the defamation claim is based cannot be

defamatory because the recipient of the statement did not believe

the statement to be true.

I reject this argument because Section 563 does not support

plaintiffs' contention that a statement cannot be defamatory

unless the recipient of the statement believes it to be true.

Section 563 describes the way in which a statement's meaning is

determined.  Whether a statement whose meaning is determined in

accordance with Section 563 is defamatory presents a different

question that is governed by Restatement Section 559.  See

Restatement (Second) Torts § 563 Cmt. a.  Section 559 provides

that a statement is defamatory if it has a tendency to harm,

regardless of whether it produces actual harm.  See, e.g.,

Restatement (Second) Torts § 559 Cmt. d ("[t]o be defamatory, it is not necessary that the communication actually cause harm to another's reputation . . . ."). Thus, Section 563 does not support the proposition for which it has been cited. Accordingly, I reject plaintiffs' motion for summary judgment with respect to Glazier's defamation claim.[1]

### 3. Third Party Beneficiary Counterclaim

Plaintiffs rely on Section 372(2) of the Restatement (Second) of Agency to support their request for summary judgment with respect to defendant Glazier's third-party beneficiary counterclaim. Comment d. to Section 372(2) provides in pertinent

---

[1] Courts in other jurisdictions have relied on a treatise on defamation law for the proposition that "[t]here can be no defamation unless the recipient of the communication believes it to be defamatory." See, e.g., Forster v. W. Dakota Veterinary Clinic, Inc., 689 N.W.2d 366, 376-77 (N.D. 2004) (quoting L. Eldredge, The Law of Defamation, 44 (1978)). Plaintiffs do not discuss either these cases or the treatise they cite. Moreover, I question whether the New Hampshire Supreme Court would endorse this principle. New Hampshire law recognizes that slander per se can be proved even if the plaintiff has not suffered identifiable damage. See Jones v. Walsh, 107 N.H. 379, 380 (1966). Accordingly, a statement that qualifies as slander per se should be actionable even though the recipient does not believe that the statement is true. Since the issue has not been properly briefed, however, I simply decline to consider it further. All that I need to say to resolve the current motion is that Section 563 does not entitle plaintiffs to summary judgment.

part that

> [a]n agent entitled to receive a commission from his principal upon the performance of a contract which he has made on his principal's account does not, from this fact alone, have any claim against the other party for breach of the contract, either in an action on the contract or otherwise.

Defendant Glazier does not present a persuasive argument to support his position that the New Hampshire Supreme Court would not follow the Restatement on this point. Nor does he offer any other reason why Section 372(2) should not apply in this case. As defendant points to no other evidence to support his third party beneficiary claim, other than evidence that he was due a commission from the sellers if plaintiffs purchased the property, he is not entitled to maintain a third party beneficiary claim. Plaintiffs' motion for summary judgment with respect to this claim is granted.

    SO ORDERED.


                                    _____
                                    Paul Barbadoro
                                    United States District Judge
February 17, 2005

cc:  James P. Bassett, Esq.
     R. Matthew Cairns, Esq.
     Michael C. Harvell, Esq.